IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

INOCENTE RIVERA,

    Petitioner,

vs.　　　　　　　　　　　　　　　　　　No. CV 21-00353 JAP/GBW

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* on the Application for Writ of Habeas Corpus In Behalf of Inocente Rivera 28 U.S. Code § 2241, § 2242, §2243 'SOMEONE' in Behalf of Liberty." (Doc. 1). The Application purports to challenge the conviction and sentence of Inocente Rivera in case no. CR 20-01477 JAP. (Doc. 1 at 1-3). The application states:

> "This application for a writ of habeas corpus is signed by 'someone acting in' defendant's 'behalf' not 'on' his behalf as an attorney."

(Doc. 1 at 1). The Application is signed by an individual named "Michael J. Dee," with an address of 29 Hillcrest St. Augusta ME 04330. (Doc. 1 at 4). The Application is not verified or signed by Inocente Rivera and the Court is unable to discern whether Inocente Rivera even knows the Application has been filed in his behalf.

The Application claims to challenge Inocente Rivera's conviction and sentence for possession with intent to distribute marijuana based on alleged ineffective assistance of counsel. (Doc. 1 at 1). However, rather than setting out any factual support for a claim of ineffective assistance of counsel, the Application asks the Court to "declare marijuana is constitutionally protected property. Dismiss the indictment." (Doc. 1 at 4).

Mr. Dee contends he may proceed "in behalf of" Mr. Rivera based on the language of 28 U.S.C. § 2242. Mr. Dee, however, misunderstands § 2242. The statute is not intended to grant anyone the

1

right to pursue an action on behalf of a prisoner. *Whitmore v. Arkansas,* 495 U.S. 149, 110 S.Ct. 1717 (1990). Instead, a person seeking to represent a prisoner in a habeas proceeding may only act on another's behalf when the real party in interest cannot prosecute the action in his own behalf; and there is a significant relationship with and a true dedication to the best interests of the real party in interest, such as a parent-child relationship or a next friend, guardian, or conservator relationship. *Id.,* Mr. Dee provides no basis that would allow him to proceed in behalf of Mr. Rivera in this or any case. Mr. Rivera may proceed either *pro se* or through a licensed attorney authorized to appear in this Court. *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320 (10th Cir.2000).

Further, the Application purports to challenge Mr. Rivera's conviction and sentence in CR 20-01477 JAP but claims to proceed under 28 U.S.C. § 2241. (Doc. 1 at 1-4). However, Mr. Rivera may challenge his criminal conviction and sentence only under the provisions of 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a). Because there are significant consequences to filing of a first § 2255 motion, the Court declines to construe the Application in this case as a § 2255 motion and will, instead, dismiss the case without prejudice to filing of a § 2255 motion by Mr. Rivera. *Castro v. United States,* 540 U.S. 375 (2003).

**IT IS ORDERED** that the Application for Writ of Habeas Corpus In Behalf of Inocente Rivera 28 U.S. Code § 2241, § 2242, §2243 'SOMEONE' in Behalf of Liberty" (Doc. 1 is **DISMISSED** without prejudice to filing of a 28 U.S.C. § 2255 motion by Inocente Rivera.

*[signature: James A. Parker]*
_____
SENIOR UNITED STATES DISTRICT JUDGE